1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    BOBBY HARRIS,

9                          Plaintiff,                        Case No. C17-1886-RSM-JPD

10         v.                                                REPORT AND RECOMMENDATION

11   SNOHOMISH COUNTY, et al.,

12                          Defendants.

13

14         On December 18, 2017, plaintiff Bobby Harris, a county prisoner, submitted to this Court

15   for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma*

16   *pauperis* ("IFP").  Dkt. 1.  In his complaint, he names Snohomish County and "Snohomish

17   County Corrections (Staff)" as defendants.  Dkt. 3-1 at 2-3.  Plaintiff alleges violations of his

18   constitutional rights for failure to compensate him for items that were stolen from him while he

19   was in maximum security and for failure to return stolen hygiene items, including washcloths

20   that he claimed he needed to treat a medical condition.  *Id.* at 3, 7.  He alleges that a nurse

21   intentionally inflicted emotional distress on him when he sought her medical help.  *Id.* at 3-4, 7.

22   He complains about constant illumination, unsanitary conditions, air quality, and the food at the

23   jail.  *Id.* at 4-7.  He also alleges a violation of his right to religious freedom because he was put in

REPORT AND RECOMMENDATION - 1

1  administrative segregation after trying to avoid a fight about religion with his cell mate.  *Id.* at 6-

2  7.  Plaintiff seeks $4,750,000.00 in damages.  *Id.* at 8.

3       On January 30, 2018, after plaintiff had corrected a deficiency in his IFP application, the

4  Court granted him leave to proceed IFP and his complaint was filed.  Dkts. 6 & 7.  The Court

5  also issued an Order declining to serve the complaint.  Dkt. 8.  The Court explained that plaintiff

6  failed to name any individual defendants, failed to state a municipal liability claim against

7  Snohomish County, cannot bring a § 1983 claim for stolen personal property, failed to state a

8  claim for constitutionally inadequate medical care, failed to state a claim for intentional infliction

9  of emotional distress, failed to properly allege any conditions of confinement claims because he

10 did not identify individual defendants or a municipal policy or custom that caused the alleged

11 constitutional deprivations, and failed to state a claim under either the Religious Land Use and

12 Institutionalized Persons Act or the First Amendment.  *See id.*  The Court granted plaintiff leave

13 to file an amended complaint within 30 days.  *Id.*

14      On February 22, 2018, plaintiff asked for an extension of, which the Court granted,

15 extending his deadline to April 30, 2018.  Dkts. 10 & 12.  On March 19, 2018, plaintiff filed a

16 motion to "withdraw" both his case and his IFP status.  Dkt. 13.  The Court presumes that

17 plaintiff's request to withdraw his IFP status is, in fact, a request that he be relieved of

18 responsibility for paying the remainder of the filing fee.  *Id.*

19      Given that this case is in its earliest stages, and no responsive pleading has yet been filed,

20 dismissal of this action is appropriate under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

21 However, voluntary dismissal does not relieve plaintiff of the obligation to pay the filing fee.

22 Plaintiff, as a part of his IFP application, signed an "Acknowledgement and Authorization" form

23 in which he specifically acknowledged his understanding that by choosing to bring this action he

REPORT AND RECOMMENDATION - 2

1  would be responsible for payment of the full $350.00 filing fee under 28 U.S.C. § 1915.  That

2  responsibility survives termination of this action.

3      Based on the foregoing, the Court recommends that plaintiff's motion to withdraw his

4  case, Dkt. 13, be construed as a notice of voluntary dismissal and that this action be dismissed

5  without prejudice.  The Court further recommends that plaintiff's request to be relieved of the

6  obligation to pay the filing fee for this action be denied.  A proposed order accompanies this

7  Report and Recommendation.

8      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

9  served upon all parties to this suit by no later than **April 30, 2018**.  Failure to file objections

10  within the specified time may affect your right to appeal.  Objections should be noted for

11  consideration on the District Judge's motion calendar for the third Friday after they are filed.

12  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

13  timely objections are filed, the matter will be ready for consideration by the District Judge on

14  **May 4, 2018.**

15      This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

16  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

17  assigned District Judge acts on this Report and Recommendation.

18      Dated this 9th day of April, 2018.

19

20  _____
    JAMES P. DONOHUE

21  United States Magistrate Judge

22

23

REPORT AND RECOMMENDATION - 3